<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2321

ROBERT SCHMIDT,

                Plaintiff - Appellant,

      v.

BARTECH GROUP, INC.; VERIZON CORPORATE SERVICES GROUP INC.,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:14-cv-00112-GBL-IDD)

Submitted:  July 24, 2015         Decided:  August 5, 2015

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John C. Cook, Lee B. Warren, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellant.  Roman Lifson, David B. Lacy, CHRISTIAN & BARTON, LLP, Richmond, Virginia; Betty S.W. Graumlich, REED SMITH LLP, Richmond, Virginia; Helenanne Connolly, REED SMITH LLP, Falls Church, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Schmidt appeals the district court's order granting summary judgment to his former employers, Bartech Group, Inc. ("Bartech"), and Verizon Corporate Services Group, Inc. ("Verizon") (collectively "Defendants"), on his claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (2012), and state-law claims for breach of contract and wrongful discharge. We affirm.

We review de novo whether a district court erred in granting summary judgment, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Schmidt first argues that under the FLSA he was entitled to payment at his hourly rate for hours worked in excess of 40 hours per workweek. "The FLSA establishes the general rule that employers must compensate each employee 'at a rate not less than one and one-half times the regular rate' for all overtime hours

2

that an employee works." Darveau v. Detecon, Inc., 515 F.3d 334, 337 (4th Cir. 2008) (quoting 29 U.S.C. § 207(a)(1) (2012)). As relevant here, the FLSA exempts from this general rule "any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, . . . who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour." 29 U.S.C. § 213(a)(17) (2012).

The FLSA provides a private cause of action for violations of the minimum wage and overtime pay provisions, 29 U.S.C. §§ 206-207 (2012), and for unlawful retaliation. 29 U.S.C. §§ 215(a)(3), 216(b) (2012); cf. Kendall v. City of Chesapeake, Va., 174 F.3d 437, 441 (4th Cir. 1999) ("[T]he FLSA creates enforceable federal rights to a minimum wage and to overtime compensation."). Because Schmidt is exempt from both the minimum wage and overtime pay provisions, we conclude that he does not have a cause of action under the FLSA for payment of his hourly wage for hours worked in excess of 40 hours per week.

Next, Schmidt asserts that the Defendants unlawfully retaliated against him under the FLSA. The antiretaliation provision of the FLSA makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or

3

related to [the FLSA]." 29 U.S.C. § 215(a)(3). To establish a prima facie claim of retaliation under the FLSA, a plaintiff must show that: (1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action. Darveau, 515 F.3d at 342.

To meet the second prong, an FLSA plaintiff must show "that his employer retaliated against him by engaging in an action that would have been materially adverse to a reasonable employee because the employer's actions could well dissuade a reasonable worker from making or supporting a charge of discrimination." Id. at 343 (alteration and internal quotation marks omitted). We conclude that Schmidt did not suffer an adverse action because no reasonable jury could find that he was terminated. Schmidt informed his supervisor that she should contact Bartech to cancel his contract or request a replacement. When the supervisor offered to look into a different job with Verizon for him, Schmidt informed her that such help was unnecessary and that his former coworker could be a good replacement for him. Thus, it is clear Schmidt resigned, and therefore, summary judgment was proper on this claim.

Schmidt also asserts a claim for wrongful termination under Virginia law. Although Virginia is an at-will employment state

4

and Virginia law generally does not support a wrongful termination cause of action, a narrow exception exists when the termination occurs as a result of an employer's violation of public policy. Bowman v. State Bank of Keysville, 331 S.E.2d 797, 801 (Va. 1985). Because no reasonable jury could conclude that he was terminated, we conclude that summary judgment was also appropriate on this claim.

Finally, Schmidt contends that Bartech breached his employment contract by failing to pay him his hourly wage for hours worked in excess of 40 per workweek. To sustain a breach of contract claim under Virginia law, the defendant must violate a legally enforceable obligation to the plaintiff, resulting in injury or damage to the plaintiff. Squire v. Va. Hous. Dev. Auth., 758 S.E.2d 55, 60 (Va. 2014). "A breach is material if it is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." Parr v. Alderwoods Grp., Inc., 604 S.E.2d 431, 435 (Va. 2004) (internal quotation marks omitted). A material breach by one party excuses the other from performing its contractual obligations. Mathews v. PHH Mortg. Corp., 724 S.E.2d 196, 199 (Va. 2012).

We conclude that Schmidt breached the contract first by failing to report the hours worked in excess of 40 hours per workweek and thus Bartech was excused from performance. While

5

Virginia "courts will generally not infer covenants and promises which are not contained in the written provisions, . . . what is necessarily implied is as much a part of the instrument as if plainly expressed and will be enforced as such." Pellegrin v. Pellegrin, 525 S.E.2d 611, 614 (Va. Ct. App. 2000) (internal quotation marks omitted). Bartech contracted to pay him an hourly wage, but it could not be expected to pay him for hours that he did not report to them. Thus, we conclude that Schmidt had an implied duty to accurately report his hours. Schmidt's failure to do so is a material breach of the contract because failing to report his hours "defeats an essential purpose of the contract" — Bartech's payment of Schmidt for his hours worked. Parr, 604 S.E.2d at 435 (internal quotation marks omitted).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED